1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   HARELL SMITH,

11              Petitioner,              No. CIV S-11-2300 GGH P

12        vs.

13   KATHLEEN ALISON, Warden,[1]

14              Respondent.             <u>ORDER</u>

15   _____/

16              Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.[2]  Petitioner has consented to the jurisdiction of the

18   undersigned.  See Consent at docket # 6.  Petitioner has not, however, filed an in forma pauperis

19   affidavit or paid the required filing fee ($5.00).  <u>See</u> 28 U.S.C. §§ 1914(a); 1915(a).

20   Nevertheless, the court will not require an affidavit in support of his request to proceed in forma

21   pauperis or the appropriate filing fee at this time because, on the face of it, petitioner has wholly

22   ─────────────────

23        [1]  Although petitioner also appeared to named Shasta County Courts as respondent, "[a]
     petitioner for habeas corpus relief must name the state officer having custody of him or her as the
24   respondent to the petition.  This person typically is the warden of the facility in which the
     petitioner is incarcerated. <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir.1992)."
25   <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28
     U.S.C. foll. § 2254).  Thus, the Shasta County Court is not a properly named respondent.

26        [2]  The case was transferred from the Central District by order filed on August 25, 2011.

                                      1

1  failed to exhaust his claims in state court, and the petition must be dismissed.

2  The exhaustion of state court remedies is a prerequisite to the granting of a

3  petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must

4  be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[3] A waiver of exhaustion,

5  thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by

6  providing the highest state court with a full and fair opportunity to consider all claims before

7  presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.

8  Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

9  After reviewing the petition for habeas corpus, the court finds that petitioner has

10  failed to exhaust state court remedies. Petitioner challenges the length of his 2006 sentence

11  arising from a no contest plea in Shasta County Court to lewd and lascivious acts with a child

12  (Cal. Penal Code 288(a)). See Petition. Petitioner expressly states that he neither appealed the

13  sentence nor filed any state court habeas challenge to it. Id. Thus, the claims have not been

14  presented to the California Supreme Court. Further, there is no allegation that state court

15  remedies are no longer available to petitioner. Accordingly, the petition will be dismissed

16  without prejudice.[4]

17  Good cause appearing, IT IS HEREBY ORDERED that:

18  1. Petitioner's application for a writ of habeas corpus is dismissed for failure to

19  exhaust state remedies, and

20  ////

21

22  [3] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

23

24  [4] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

1          2.  The Clerk of the Court is directed to serve a copy of this order together with a

2    copy of the petition filed in the instant case on the Attorney General of the State of California.

3    DATED: September 27, 2011

                                              /s/ Gregory G. Hollows
4                                       UNITED STATES MAGISTRATE JUDGE

GGH:009
5    smit2300.103+

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26